**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | **CRIMINAL NO. 6:19-CR-116-ADA** |
| | § | |
| **MONIKA HEIDI BRACKETT** | § | |
| | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE ALAN D ALBRIGHT,
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the Defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

### I.  PROCEDURAL BACKGROUND

The Defendant was convicted of Possession with Intent to Distribute Methamphetamine, a Schedule II Controlled Substance, and Aiding and Abetting, in violation of 21 U.S.C. §§ 841(a)(l), 841(b)(l)(C), and 18 U.S.C. § 2. The Defendant was sentenced to forty-two (42) months imprisonment, followed by a five (5) year term of supervised release, a $500 fine, and a $100 special assessment.  Defendant was released to supervision on March 4, 2022.

On February 7, 2025, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, alleging the Defendant violated the terms of her

supervision and seeking a show-cause hearing as to why the Defendant's supervision should not be revoked. The petition alleges the Defendant violated the terms of her supervision in the following instances:

> **Violation Number 1:** Standard Condition Number 5, the defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.
>
> **Violation Number 2:** Standard Condition Number 4, the defendant shall answer truthfully the questions asked by the probation officer.
>
> **Violation Number 3:** Standard Condition Number 13, the defendant shall follow the instructions of the probation officer related to the conditions of supervision.
>
> **Violation Number 4:** Mandatory Condition Number 1, the defendant shall not commit another federal, state, or local crime during the term of supervision.
>
> **Violation Number 5:** Mandatory Condition Number 2, The defendant shall not unlawfully possess a controlled substance.

On March 4, 2025, the Court held a hearing on the petition. At that hearing, Defendant plead TRUE as to violation numbers 1, 2, 3, 4, and 5. The petition contained a sufficient factual basis to support a plea of TRUE as to all violations.

## II.  FINDINGS OF THE COURT

Based on the sworn statements of Defendant and other testimony at the hearing, the undersigned finds as follows:

1. The Defendant violated the conditions of her supervision as alleged in the petition.
2. The Defendant was competent to make the decision to enter a plea of TRUE to the allegations underlying violation numbers 1, 2, 3, 4, and 5.

3.  The Defendant had both a factual and rational understanding of the proceedings against her.

4.  The Defendant did not suffer from any physical or mental impairment that would affect her ability to fully understand the charges against her or the consequences of her plea.

5.  The Defendant was not under the influence of any drugs, alcohol, or medication that would affect her judgment in entering a plea or that would affect her understanding of the basis, consequences, or effect of her plea.

6.  The Defendant was sane and mentally competent to stand trial for these proceedings.

7.  The Defendant was sane and mentally competent to assist her attorney in the preparation and conduct of her defense.

8.  The Defendant received a copy of the petition naming her, and she either read it or had it read to her.

9.  The Defendant understood the petition and the charges alleged against her.

10. The Defendant had a sufficient opportunity to discuss the petition and charges with her attorney.

11. The Defendant was satisfied with the job her attorney has done and had no complaints about her attorney.

12. The Defendant understood that she had the right to plead NOT TRUE and proceed with a hearing at which she could present evidence and cross-examine witnesses.

13. The Defendant freely, intelligently, and voluntarily entered her plea of TRUE to the allegations in violations numbers 1, 2, 3, 4, and 5.

14. The Defendant understood her statutory and constitutional rights and desired to waive them.

15.     The petition contains a sufficient factual basis to support the Defendant's pleas of TRUE to violation numbers 1, 2, 3, 4, and 5.

## III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the Defendant's term of supervised release be revoked and that she be sentenced to six (6) months imprisonment with credit for time served, and no term of supervised release to follow.  It is further **RECOMMENDED** that, to the extent possible, Defendant be placed in a Federal Bureau of Prisons facility located near Waco, Texas.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 5th day of March, 2025.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE